819 F.2d 1138
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wanda L. PELLERIN, Randall E. Ellis, and Jerry W. Ellis,
Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 86-2594.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1987.
Decided May 20, 1987.
 
 Before RUSSELL and PHILLIPS, Circuit Judges, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 Robert Mauldin Elliot (Pfefferkorn, Pishko & Elliot, P.A., on brief), for appellants.
 Claire S. Hoffman, Office of the General Counsel, Social Security Division Department of Health & Human Services (Donald A. Gonya, Chief Counsel for Social Security; Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation; John M. Sacchetti, Chief, Retirement and Survivors Insurance Litigation Branch, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Appellants Wanda J. Pellerin, Randall E. Ellis, and Jerry W. Ellis filed an action in the United States District Court for the Middle District of North Carolina pursuant to 42 U.S.C. Sec. 405(g). They sought judicial review of a Social Security Administration Appeals Council decision which limited the recovery of child's survivor benefits by Randall and Jerry Ellis to the time of an August 1980 application. The matter was referred to a Magistrate, who issued Findings and Recommendations, concluding that the Appeals Council decision should be affirmed. The District Court adopted the Findings and Recommendations, and granted the Secretary's motion for judgment on the pleadings. We affirm.
 
 
 2
 Appellant Pellerin is the widow of the insured wage earner, Lawrence William Ellis. Randall and Jerry Ellis are the children of Pellerin and Lawrence Ellis. In April 1966, the insured left his wife and children, reappearing a few months later for a brief visit. Thereafter, neither Pellerin nor Ellis' family saw him again. In 1968, Pellerin divorced Ellis and remarried. She claims to have filed an application for survivor's benefits in 1973, but no documentation to support her claim can be uncovered. The record does contain a March 27, 1974 letter to Pellerin from a Social Security Administration Claims Representative, which reads: "Our records show earnings posted to Lawrence Ellis' credit through March 31, 1968. Lack of other evidence prevents payment of benefits in this case." At the time of the alleged 1973 application, Pellerin had no evidence that Ellis was dead.
 
 
 3
 In August 1980, Pellerin filed a notice of intent to apply for benefits. A hearing was held before an Administrative Law Judge (ALJ). The ALJ determined that Ellis was presumed to have died January 1, 1970. Further, the ALJ found that Pellerin had filed an application in 1973, and that that application should be reopened, thus allowing benefits from that time.
 
 
 4
 The Appeals Council reviewed the ALJ's decision. In the interim, the insured's March 3, 1968 death certificate was discovered. Nonetheless, the Appeals Council disputed the conclusions of the ALJ, and held that benefits were due only from August 1980. The District Court, adopting the Magistrate's Findings and Recommendations, granted judgment for the Secretary.
 
 
 5
 Appellants present three questions for this Court's consideration. First, did the District Court err in applying the "substantial evidence" standard of review to the decision of the Appeals Council? Second, was the District Court correct in finding that the Appeals Council's decision was supported by substantial evidence? Third, did the District Court correctly find no grounds to estop the Secretary from denying the alleged 1973 claim?
 
 
 6
 The District Court, in reviewing the decision of the Appeals Council, was correct in applying the "substantial evidence" standard. Zimmerman v. Heckler, 774 F.2d 615, 617 (4th Cir.1985).
 
 
 7
 We find no error in the District Court's conclusion that substantial evidence supported the decision of the Appeals Council. No documentation supports the assertion that a 1973 application was filed. Additionally, the Court determined that the 1974 Claims Representative's letter does not appear to be a formal denial of a claim, but instead suggests that information was informally passed to Pellerin. We find no error in that determination.
 
 
 8
 Finally, the District Court did not err in failing to accept the appellants' argument that the Secretary was estopped from relying on Pellerin's failure to file a 1973 application. Appellants contend that "affirmative misconduct" on the part of the government may be a ground for estoppel, see Zimmermann, 774 F.2d at 617, and such misconduct occurred in this case. Specifically, they argue that Pellerin was given erroneous information by Social Security Administration employees regarding eligibility benefits. The District Court did not accept this argument, and found no basis for estoppel. We find no error in that decision.
 
 
 9
 AFFIRMED.