825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John P. REDDINGTON, Plaintiff-Appellant,
v.
Otis R. BOWEN, Defendant-Appellee.
 No. 86-3625
 United States Court of Appeals, Fourth Circuit.
 Argued May 5, 1987.
Decided July 23, 1987.
 
 Jack Benjamin Crawley, Jr. (Walter J. Early; Early & Chandler, on brief), for appellant.
 Stanley Ericsson, Office of the General Counsel, Department of Health & Human Services (Richard K. Willard, Assistant Attorney General; Donald A. Gonya, Assistant General Counsel; Randolph W. Gaines, Deputy Assistant General Counsel for Litigation; John M. Sacchetti, Chief, Retirement and Survivors Insurance Litigation Branch, on brief), for appellee.
 Before HALL and WILKINS, Circuit Judges, and HOFFMAN, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 John P. Reddington appeals from the order of the district court affirming the denial by the Secretary of old-age insurance benefits on the basis that he is not fully insured. We affirm.
 
 
 2
 To be fully insured and eligible for benefits, Reddington must have 31 quarters of coverage. It is uncontested that he has 15 quarters for the period from 1974 to 1976. In dispute are 12 quarters for the years 1978 through 1980 and 11 quarters for employment prior to 1951.
 
 
 3
 The administrative law judge found that Reddington was entitled to the 12 quarters for 1978 through 1980 and 9 quarters prior to 1951 and concluded that he was fully insured with at least 36 quarters of coverage. The Appeals Council reopened the case on its own motion and denied benefits, finding that Reddington had only 15 quarters of coverage and was thus not fully insured. The district court found that the Appeals Council properly reopened the decision of the ALJ and affirmed the denial of benefits.
 
 
 4
 On appeal, Reddington asserts that the Secretary did not have the authority to reopen the case and that he is entitled to the 12 quarters of coverage for 1978 through 1980. We affirm on the sound reasoning of the district court. Reddington v. Bowen, 640 F.Supp. 1005 (E.D.N.C. 1986).
 
 
 5
 Reddington also contends on appeal that he is entitled to 11 quarters of coverage for years prior to 1951. We decline to rule on this issue since it was not properly raised in the administrative proceedings. See Reddington, 640 F.Supp. at 1108 n.3. Reddington is not precluded from seeking correction of his earnings records for those years prior to 1951 pursuant to 42 U.S.C.A. Sec. 405(c) (West 1983 & Supp. 1987). Further, he is free to reapply for benefits and seek entitlement for any quarters of coverage acquired since 1980.
 
 
 6
 AFFIRMED.
 
 HOFFMAN, District Judge, concurring:
 
 7
 In Zimmermann v. Heckler, 774 F.2d 615 (4th Cir. 1985), this Court permitted the Appeals Council to reopen the decision of the Administrative Law Judge, holding--
 
 
 8
 The Appeals Council, however, is empowered to reopen, within four years of the date of the notice of the initial determination, any determination if 'good cause' exists. 20 C.F.R. Sec. 404.988(b) (1985).
 
 
 9
 In McCuin v. Secretary of Health and Human Services, 817 F.2d 161 (1st Cir. 1987), the Court clearly states that the right to reopen for 'good cause' is restricted to the claimant.
 
 
 10
 Thus, a conflict in circuits has arisen. No individual panel of this Court may overrule a prior holding of the Court. Since I am bound by the Zimmermann ruling, I concur.