Nancy B. McGLOCKLIN, Plaintiff,

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**Civil Action No. 95–0206–A.**

United States District Court, W.D. Virginia, Abingdon Division.

Dec. 16, 1996.

---

Joseph E. Wolfe, Norton, Virginia, for plaintiff.

Julie C. Dudley, Roanoke, Virginia, for defendant.

## OPINION

JONES, District Judge.

In this social security case, the claimant was denied disability coverage because she was $1.00 short in the annual earnings required by the regulations. Unfortunately, I am constrained to find that there is no de minimis rule which would allow me to direct that she be granted insured status.

### I

Nancy B. McGlocklin filed this action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under the Social Security Act, as amended, 42 U.S.C. §§ 416(i), 423 (1988) ("Act"). This court has jurisdiction under section 405(g) of the Act. 42 U.S.C. § 405(g) (1988). The case was referred to United States Magistrate Judge Cynthia D. Kinser to conduct appropriate proceedings. 28 U.S.C. § 636(b)(1)(B) (1988). Judge Kinser filed her report and recommendation ("Report") on September 12, 1996, finding that the Commissioner's final decision should be affirmed.

On September 24, 1996, McGlocklin filed written objections to the report and recommendation. She disagrees with Judge Kinser's determination that the final decision of the Commissioner was based on substantial evidence. Also, the plaintiff claims that it was not appropriate for the Appeals Council to reopen the decision of the administrative law judge.[1]

### II

A claimant must establish that he or she meets the "fully insured" and "insured status" requirements of the Act before the question of disability may be considered. 42 U.S.C. §§ 416(i)(1), 416(i)(2)(c), 416(i)(3). A claimant is a "fully insured individual" if he or she has forty quarters of coverage.[2] Fur-

---

1. Under the administrative scheme, the Commissioner bases her final decision on proceedings by an administrative law judge ("ALJ"), whose decision may be reviewed or reopened under certain circumstances by administrative judges sitting as an Appeals Council. *See* 20 C.F.R. §§ 404.967, 404.969, 404.970, 404.979, 404.987, 404.988 (1996).

2. 42 U.S.C. § 414(a)(2) (1988). A "quarter of coverage" under the Act is a calendar quarter during which the claimant was paid wages equal

ther, a claimant gains "insured status" when he or she has at least twenty quarters of coverage during the forty-quarter period that ends with the quarter in which the claimant alleges that he or she became disabled. 42 U.S.C. § 423(c)(1)(B) (1988), 20 C.F.R. § 404.130 (1996). These prerequisites to a finding of disability are at the heart of the claimant's appeal to this court. Everyone agrees that McGlocklin is fully insured—she has forty-seven quarters of coverage. However, in the forty-quarter period ending December 31, 1991 (the end of the quarter in which she claims her disability began), McGlocklin has only nineteen quarters of coverage, one too few under the Act.[3] Moreover, for the year 1985, while McGlocklin earned one quarter of coverage, she was $1.00 short of gaining an extra quarter of coverage. Had she one more dollar of earnings in 1985, McGlocklin would have insured status under the Act.[4]

After a hearing on February 10, 1994, the ALJ issued his decision on March 22, 1995, finding that McGlocklin was entitled to an extra quarter of coverage for the year 1985 because he found her earnings shortfall to be "de minimis."

The Appeals Council issued a letter to McGlocklin on August 18, 1995, in which it informed her that it had decided it had good cause to reopen the decision of the ALJ pursuant to 20 C.F.R. § 404.988 because "the evidence which was considered by the Administrative Law Judge in reaching his decision clearly shows on its face that an error was made." The Appeals Council advised McGlocklin that an individual "must have" the amount determined to earn a quarter of

coverage under the regulations. Further, the Appeals Council rejected the argument that a claimant is entitled to "round" up earnings even though the Social Security Administration "rounds" up to the nearest $10.00 increment when determining amounts required to gain a quarter of coverage.[5] The Appeals Council notified McGlocklin of her opportunity to submit additional materials and to request a hearing. McGlocklin did not submit additional evidence or ask for a hearing.[6] On October 24, 1995, the Appeals Council issued its decision denying McGlocklin benefits because she had only nineteen quarters of coverage rather than twenty.

## III

The claimant presents essentially two objections to Judge Kinser's report. First, McGlocklin argues that it was improper for the Appeals Council to reopen the favorable decision of the ALJ. But the Appeals Council may reopen on its own motion any determination within four years of the date of the notice of the initial determination provided good cause exists. *Zimmermann v. Heckler,* 774 F.2d 615, 617 (4th Cir.1985); 20 C.F.R. § 404.988(b). Good cause exists if "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. § 404.989(a)(3). The error justifying reopening may be either factual or legal in nature. *Reddington v. Bowen,* 640 F.Supp. 1005 (E.D.N.C.1986); *Fox v. Bowen,* 835 F.2d 1159 (6th Cir.1987). The plaintiff contends that *Butterworth v. Bowen,* 796 F.2d 1379 (11th Cir.1986), and the corresponding Social Security Acquiescence Rul-

---

**3.** McGlocklin filed earlier applications for benefits on October 22, 1991, June 4, 1992, and October 13, 1992. All of these claims were denied because McGlocklin did not have twenty of forty quarters of coverage. She did not appeal any of these determinations.

or greater than the amounts determined and set forth by the Commissioner in her regulations. 42 U.S.C. § 413(a)(2)(A) (1988), 20 C.F.R. § 404.140 (1996).

**4.** Under the regulations, McGlocklin needed to earn $820 for an additional quarter of coverage. 20 C.F.R. app. to subpt. B, pt. 404. She in fact earned $819 in 1985 as a substitute teacher. She now suffers from heart problems.

**5.** *See* 42 U.S.C. § 413(d)(2)(B). This argument was raised by the plaintiff in a March 11, 1994 letter to the ALJ who heard McGlocklin's case.

**6.** McGlocklin did submit a letter to the Appeals Council supporting the ALJ decision and request-

ing,[7] determine when the Appeals Council may reopen a case. However, the Eleventh Circuit's analysis in *Butterworth* for determining whether the Appeals Council may properly reopen a decision has not been adopted by the Fourth Circuit, or any other. I find that the authorities cited by Judge Kinser support the conclusion that the Appeals Council may reopen a determination for good cause when it finds that the ALJ has incorrectly applied the relevant law at the time of his decision. *See* Report at 4.

### IV

I must also rule against the claimant on the merits. Her attorney understandably argues on her behalf that her work history of over eleven years should not be disregarded because of a "mere trifle"—$1.00. Plaintiff's Objections to the Magistrate Judge's Report at 4. It is contended that the legal maxim of de minimis [8] ought to be applied to her situation to allow her the government benefits to which she would otherwise be entitled.

While the doctrine of de minimis may be a valuable one in some areas of law, it is unavailable here. The Act and its regulations draw bright lines of eligibility which I am not authorized to forgive. Moreover, a vast administrative system such as social security depends upon maintaining such strict categories. If de minimis were the rule, how would the Commissioner's discretion ever be properly exercised? If $1.00 is de minimis, what about $5.00 or $10.00, or even $100.00?

In *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Supreme Court rejected a challenge to the Act's requirement that a widow and stepchild are eligible for coverage only if their relationship with the wage earner endures at least nine months. While the Court recognized that such an arbitrary rule might "undoubtedly exclude some surviving wives who married with no anticipation of shortly becoming widows," 422 U.S. at 781, 95 S.Ct. at 2474, it

reflected a legitimate policy determination that "limited resources would not be well spent in making individual determinations." *Id.* at 784, 95 S.Ct. at 2476.

As in *Salfi*, the claimant's failure here to qualify because she was a dollar short undoubtedly appears unjust to her. Greater injustices would occur, however, if the strict categories of the Act were not maintained.

An appropriate judgment will be entered.

ing that the Appeals Council reconsider its decision to reopen.

**7.** Acquiescence Ruling 87–2(11), 1983–91 Soc. Sec.Rep.Serv. 922 (1987), 1987 WL 109191 (S.S.A.).

**8.** *De minimis non curat lex.* "The law cares not for trifles."