**Douglas CALL, and a class of persons similarly situated, Plaintiff,**

v.

**Margaret HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

**No. CV–84–071–GF.**

United States District Court, D. Montana, Great Falls Division.

Sept. 16, 1986.

---

**4.** According to Triton, the vessel's managing agents are in Europe.

Steven L. Bunch, Montana Legal Services Assoc., Helena, Mont., Sally Hart Wilson, Peter Komlos-Hrobsky, Gill Deford, Los Angeles, Cal., for plaintiff.

Byron H. Dunbar, U.S. Atty., Carl E. Rostad, Asst. U.S. Atty., Great Falls, Mont., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

Plaintiff, Douglas Call, has instituted the present action to obtain judicial review of the decision of the Secretary of Health and Human Services ("the Secretary") denying him disability insurance benefits and supplemental security income. The matter is before the court upon cross-motions for summary judgment. Jurisdiction vests with this court pursuant to 42 U.S.C. § 405(g).

### A. *Procedure*

Plaintiff filed applications for a period of disability, disability insurance benefits and supplemental security income on February 19, 1982. The applications were denied at the initial and reconsideration levels.

An Administrative Law Judge ("ALJ") reviewed plaintiff's claims in a hearing on November 18, 1982. On May 6, 1983, the ALJ issued his decision, which concluded the plaintiff was entitled to a period of disability commencing November 2, 1981 and to disability insurance benefits under Sections 216(i) and 223 of the Social Security Act. Furthermore, the ALJ found that due to the severity of the plaintiff's mental illness, suicide attempts, abuse of alcohol and drugs, and the heavy sedative effect of

various medications on him, Alice Collins, the plaintiff's godmother, should serve as his representative payee.

On August 10, 1983, roughly 96 days after the ALJ's decision, the Appeals Council notified plaintiff that it intended to review the ALJ's decision. According to the Appeals Council, whether the plaintiff needed a representative payee was a new issue that could not be considered without due notice to the plaintiff. The Appeals Council held the ALJ's inclusion of that issue constituted error on the face of the evidence which justified their reopening the decision. On January 10, 1984, 249 days after the ALJ's decision, the Appeals Council reversed the ALJ and held the plaintiff was not entitled to a period of disability, disability insurance benefits, or supplemental security income. The Secretary adopted the decision of the Appeals Council as her final decision. To this date, the plaintiff has not received any benefits.

### B. *Background*

The plaintiff, Douglas Call, is a 36 year old, unmarried male, with only a seventh grade education, but a high school diploma earned through a GED program. His employment history shows a number of short-lived jobs involving unskilled manual labor. In his applications for a period of disability, disability insurance benefits and supplemental security income, plaintiff alleged he became disabled in February, 1981, due to severe occipital headaches, stomach problems including pain, hernia, weak and swollen ankles, back pain and a personality disorder with mixed emotional features.

The plaintiff testified at the administrative hearing that he suffers from severe stomach pain as well as pain in his lower and upper back which prevents him from sitting, standing, or walking for even short extended periods of time. Plaintiff testified he is in pain 24 hours a day, seven days a week and spends most of the day trying to get comfortable to obtain some relief from the pain. Reports of the plaintiff's medical treatment and medications reveal that he takes prescribed medication

four times a day for ulcers, takes three kinds of pain medication every hour up to four times a day, takes daily medications for dizziness, nerves and depression, and takes non-prescription medication for pain in his ankles, neck and lower back. Plaintiff testified, however, that these medications do not remove the pain but merely make it tolerable. Plaintiff testified regarding the effect the pain has on his daily activities. For daily activities, plaintiff tries to walk two blocks a day and has tried raking the lawn, but both activities cause him a great deal of pain. Furthermore, plaintiff testified the pain sometimes keeps him awake at night.

Plaintiff's godmother, Alice Collins, testified that he gets very upset, depressed, nervous and irritable. She testified he has shaking and dizziness everyday and is unable to walk long distances or even rake the yard.

A psychological evaluation report, by Dr. Dean Gregg, reveals that plaintiff has a personality disorder with mixed emotional features which indicates plaintiff is functioning only marginally in society, and is significantly depressed. Furthermore, the evaluation indicates plaintiff is poorly educated and would not be qualified for anything except the simplest of jobs.

Plaintiff's complaints of pain are well documented throughout the exhibits. Based on the evidence presented at the hearing, the ALJ found plaintiff's allegations of pain to be credible and held the pain precluded him from engaging in substantial gainful activity. Based on plaintiff's maximum sustained work capability, age, education and work experience, the ALJ held plaintiff was disabled.

### C. *Scope of Review*

■ This court reviews the defendant Secretary's final decision under § 205(g) of the Social Security Act ("SSA"), 42 U.S.C. § 405(g). In this instance, the decision of the Secretary is contrary to the ALJ's decision. Such facts mandate greater care in reviewing the final decision. *LeMaster v. Weinberger*, 533 F.2d 337 (6th Cir.1976);

*Valentine v. Schweiker*, 559 F.Supp. 644 (D.Mont.1983).

■ Within certain parameters, courts must generally accord substantial deference to administrative agencies in areas such as fact-finding, *Estep v. Richardson*, 459 F.2d 1015 (4th Cir.1972), and policy-making, *I.C.C. v. Inland Waterways Corp.*, 319 U.S. 671, 691, 63 S.Ct. 1296, 1307, 87 L.Ed. 1655 (1943). No such tolerance, however, is required in matters pertaining strictly to an agency's observance and implementation of its self-prescribed procedures. The courts, to protect due process, must be particularly vigilant and must hold agencies, such as the Social Security Administration, to a strict adherence to both the letter and the spirit of their own rules and regulations. *Powell v. Heckler*, 789 F.2d 176 (3rd Cir.1986).

The Social Security Regulations allow the Appeals Council to initiate a *sua sponte* review of an ALJ's decision:

The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

20 C.F.R. § 404.970(a).

However, the Appeals Council's *sua sponte* review of an ALJ's decision is subject to a sixty (60) day time limit under 20 C.F.R. § 404.969. As noted above, the Appeals Council's decision to review was not made until August 10, 1983, 96 days after the ALJ's decision. Therefore, the Appeals Council was clearly not reviewing the ALJ's decision under 20 C.F.R. §§ 404.-967–.983.

The defendant Secretary claims this case involves a reopening and revising of an ALJ decision under 20 C.F.R. §§ 404.987–996. The Social Security Regulations provide that it is acceptable, despite the 60–

day limit imposed on *sua sponte* reviewing, for the Appeals Council to reopen a case. 20 C.F.R. § 404.987. The Appeals Council reopened the instant case by claiming good cause existed due to the ALJ's appointment of a representative payee without prior notice. Under 20 C.F.R. § 404.989, good cause for reopening exists when:

(1) New and material evidence is furnished;

(2) A clerical error in the computation or recomputation of benefits was made; or

(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

20 C.F.R. § 404.989(a).

Title 20, §§ 416.14887–.1494 of the Social Security Regulations relate to Supplemental Security Income for the Aged, Blind and Disabled. They, like Part 404, *et seq.*, contain provisions for the Appeals Council's *sua sponte* review of an ALJ's decision within 60 days, 20 C.F.R. § 416.1460, and the reopening of a decision where there is "good cause," 20 C.F.R. § 416.1488.

### D. *Discussion*

In the instant case, the Appeals Council reversed the ALJ's decision on different grounds from those upon which it based its authority to reopen. Although the Appeals Council reopened this case on an alleged procedural error by the ALJ, it ultimately reversed on the factual issue of plaintiff's disability. The Appeals Council stated in its decision that "the administrative law judge's inclusion of the issue of whether the claimant needs a representative payee constitutes an error on the face of the evidence upon which the Appeals Council's authority to reopen the hearing decision is based. Once a decision has been reopened all issues are subject to review."

■ Plaintiff did not receive any notice of review from the Appeals Council within 60 days of the hearing decision. Therefore, the Appeals Council did not have the power to conduct a *sua sponte* review of the ALJ's decision under 20 C.F.R. §§ 404.969–404.970. It is clear to this court that in the instant case the Appeals Council attempted, by means of reopening the decision, to avoid the 60–day time limit on *sua sponte* reviews.

As stated earlier, the Appeals Council reopened this case by claiming the ALJ's failure to give "due notice" to the plaintiff regarding the appointment of a representative payee constituted an error clear on the face of the evidence. The Social Security Regulations, specifically, 20 C.F.R. § 404.989(a)(3), provides that good cause to reopen a decision exists when the evidence considered in making the decision clearly shows on its face that an error was made.

■ An error on the face of the evidence exists where, on the basis of all the evidence in the file on which the determination or decision was based, it is clear that the determination or decision was incorrect. *George by George v. Schweiker*, 563 F.Supp. 888, 890 (D.Minn.1982), citing *Lauritzen v. Weinberger*, 514 F.2d 561, 563 (8th Cir.1975). For there to be an error on the face of the evidence, there must have been an injustice to a claimant or manifest error in the record. *Id.*

■ In the instant case, the court refuses to find that the ALJ's appointment of a representative payee constituted error on the face of the evidence as asserted by the defendant Secretary. The ALJ carefully considered and weighed the evidence presented at the hearing and held the plaintiff was disabled and entitled to disability insurance benefits and supplemental security income. Only after that determination was made did the ALJ appoint a representative payee.

■ Even if the ALJ erred by failing to give plaintiff "due notice" of his intent to appoint a representative payee, it was not the type of error which constitutes error on the face of the evidence under 20 C.F.R. § 404.989(a)(3). At most it seems to have been an abuse of discretion by the ALJ.

The Social Security Regulations, specifically, 20 C.F.R. § 404.970(a)(1), expressly

permits the Appeals Council to review an ALJ's abuse of discretion by one method— the review process set forth in 20 C.F.R. §§ 404.967–404.983. Therefore, any review initiated by the Appeals Council regarding an ALJ's abuse of discretion is subject to 20 C.F.R. § 404.969 and must be brought within 60 days of the ALJ's decision.

In the instant case, the Appeals Council failed to review this case within 60 days after the ALJ's decision. Their failure to do so precludes them from reviewing the case once the 60–day time period has expired. Furthermore, the Appeals Council may not avoid the consequence of their delay by later reopening the case and reviewing the decision.

In the instant case, there clearly was no basis for the Appeals Council to have reopened and reviewed this case outside of the 60–day time limit mandated by 20 C.F.R. §§ 404.969 and 416.1469. Therefore, the Appeals Council was without jurisdiction to reconsider this case 96 days after notice of the ALJ's decision. Accordingly,

IT IS HEREBY ORDERED that the ALJ's decision is the final decision of the Secretary and is AFFIRMED. The decision of the Appeals Council is REVERSED.