Catherine A. FOX, Plaintiff–Appellee,

v.

Otis R. BOWEN, Secretary of Health & Human Services, Defendant–Appellant.

No. 86–3608.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 4, 1987.

Decided Dec. 28, 1987.

---

Carla D. Moore, Asst. U.S. Atty., Cleveland, Ohio, Michael C. Messer (argued), Asst. Reg. Counsel—HHS, Chicago, Ill., for defendant-appellant.

John A. McNally, III (argued), McLaughlin, McNally, & Carlin, Youngstown, Ohio, for plaintiff-appellee.

Before MERRITT and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

The Secretary of Health and Human Services appeals from the district court's judgment ordering the Secretary to pay disability insurance benefits to Catherine A. Fox. For the following reasons, we reverse the district court's judgment.

## I.

Claimant Catherine A. Fox applied for disability insurance benefits on April 28, 1981, alleging a disability onset date of June 1, 1977. After her application was denied initially and upon reconsideration, Fox requested and was granted a hearing before an Administrative Law Judge (ALJ). On August 17, 1982, the ALJ issued his decision which established claimant's disability onset date as September 30, 1978, the last day on which Fox had worked, and determined that claimant was entitled to a period of disability and disability insurance benefits under the Social Security Act. The ALJ found that the combination of claimant's impairments constituted a disability within the meaning of the Act, and that the increasing severity of claimant's symptoms rendered her functionally incapacitated and unable to work after September 30, 1978. Medical evidence introduced at the hearing showed a history of migraine headaches and degenerative disc disease, the latter necessitating cervical fusion and decompression to relieve her symptomatic neck and shoulder pain. Along with hypothyroidism and allergies acquired at birth, Fox also suffered from congenital Mobius syndrome with resultant facial paralysis and disfigurement, seizures, and impaired vision and speech.

While Fox's initial claim for benefits was based on her visual impairment and seizures, the ALJ went beyond the issue of blindness to consider the collective effect of claimant's symptoms on her ability to work, ultimately concluding that "[b]ecause of the combination of her impairments claimant did not have the functional capacity to perform substantial gainful activity as of September 30, 1978 and through the date of this decision." The ALJ conceded that in order for Fox to receive benefits based on blindness, she was compelled by the Act to establish her disability on or before December 31, 1978, since she was not fully insured for blindness after that date.

Fox was notified of the ALJ's favorable decision along with the fact that the Appeals Council could review, and possibly change, the result within sixty days. The notice also stated that pursuant to the Secretary's regulations, the decision could be reopened after the sixty-day period if a clerical error in the amount of the benefits had been made, if an error was discovered on the face of the evidence on which the decision was based, or on the basis of new and material evidence.

On October 25, 1982, the Director of the Office of Disability Operations advised claimant, her attorney, and the Office of Appeals Operations that Fox did not have fully-insured status as required by the Act, which allegedly prevented effectuation of the ALJ's decision:

> The Administrative Law Judge ... established an onset of September 30, 1978, even though the claimant did not become statutorily blind until March 1981. She has only nine quarters of coverage in all, which insures her only to December 31, 1978.... [W]here the 20/40 earnings requirement is not met at any point, onset for statutorily blind persons can only be found at the later of two dates: the date insured status is first met, or the date the impairment reaches the degree of severity set forth in the statute.... The 20 of 40 earnings requirement is not met at any point; the impairment did not reach the statutory blind level until after fully-insured status had expired.

On being apprised of these findings, the Appeals Council notified Fox on January 28, 1983 of its intention to reopen her case. On August 24, 1983, more than one year after the ALJ's initial decision, the Appeals Council reversed the ALJ's determination of disability.

The Council rejected the ALJ's finding of disability "due to Mobius syndrome and its manifestations," despite the fact that the medical evidence reflected her inability to work since the claimant never met the fully-insured status requirements for any disability other than statutory blindness. Although claimant met the fully-insured status requirements for statutory blindness prior to and including December 31, 1978, she was not statutorily blind until after that time.

Fox challenged the Appeals Council's decision in the United States District Court for the Northern District of Ohio, whereupon the magistrate recommended that Fox receive benefits from the effective date of her application through August 24, 1983. Both parties objected to the magistrate's report and recommendation and the district court, after *de novo* review, ordered the Secretary to pay Fox back benefits from the effective date of her initial application until the lawful termination of her benefits. The district court concluded that the Appeals Council did not have jurisdiction to reopen the ALJ's decision for legal error:

> [T]his Court concludes that legal error does not constitute error on the face of the evidence under § 404.989(a)(3). Legal error is an express ground for *review*, whether by the Council *sua sponte* or by the claimant. 20 C.F.R. § 404.970(a)(2). Such review, though, must be instituted within the sixty day period following the decision from which review is sought. To permit reopening for legal error would effectively extend the sixty day review period to four years. Such a result would destroy not only the consistency that exists between the reviewing and reopening provisions when their different and distinct purposes are appreciated, but [the] consistency be-

tween the reopening provisions as well. Legal error is not an extraordinary factor that would arise more than sixty days after the ALJ's decision, but is always evident upon review and therefore ripe for immediate appeal.

(Citations omitted) (footnote omitted).

The issue on appeal is whether the Appeals Council of the Department of Health and Human Services correctly reopened the ALJ's decision. This court has jurisdiction to review the Secretary's decision pursuant to 42 U.S.C. § 405(g).

## II.

The Secretary's regulations authorize the Appeals Council to initiate direct review of an ALJ's disability determination within sixty days of the date of a hearing decision or dismissal. 20 C.F.R. § 404.969. Among other things, the regulations expressly provide for review in a case if there exists an error of law. 20 C.F.R. § 404.970(a)(2). In the instant case, more than sixty days had passed before the Appeals Council reviewed the ALJ's decision.

The regulations, however, also authorize a later reopening under certain circumstances. Section 404.988 provides *inter alia* that a determination may be reopened "within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case...." 20 C.F.R. § 404.988(b). The regulations further specify in pertinent part that "good cause" exists if "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. § 404.989(a)(3). "Good cause" to reopen does not exist, however, "if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made." 20 C.F.R. § 404.989(b). The Secretary's interpretation of these regulations in the Programs Operation Manual further specifies:

A determination or decision in which there was an error on the face of the evidence on which it was based, may be reopened within 4 years of the date of the notice of the initial determination if

such determination was favorable to the claimant....

An error on the face of the evidence exists where, on the basis of all the evidence in the file on which the determination or decision was based and any evidence of record anywhere in SSA at the time such determination or decision was made, it is *clear* that the determination or decision was incorrect. "Clear" means obvious, unmistakable, certain, positive.

Programs Operation Manual GN. 04010.080 (1985). Invoking the regulations as interpreted by the Secretary, the Appeals Council in the instant case *sua sponte* reopened the ALJ's determination based on the clear misapplication of existing law in the initial determination.

■ A reviewing court generally accords great deference to an agency's interpretation of its own regulations. *University of Cincinnati v. Heckler*, 733 F.2d 1171, 1173–74 (6th Cir.1984). *See United States v. Larionoff*, 431 U.S. 864, 872, 97 S.Ct. 2150, 2155–56, 53 L.Ed.2d 48 (1977); *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–02, 13 L.Ed.2d 616, *reh'g denied*, 380 U.S. 989, 85 S.Ct. 1325, 14 L.Ed.2d 283 (1965). A court need not accept an agency's interpretation of its own regulation, however, if that interpretation is plainly inconsistent with the express wording of the regulation, or otherwise deprives affected parties of fair notice of the agency's intentions. *See Larionoff*, 431 U.S. at 872–73, 97 S.Ct. at 2155–56; *Udall*, 380 U.S. at 16–17, 85 S.Ct. at 801–02.

Accordingly, we must determine whether the Secretary's interpretation of the regulations which permitted the Appeals Council to reopen this case is plainly inconsistent with the express wording of the regulation, or otherwise deprives Fox of fair notice of the agency's intentions.

## A.

■ Initially, Fox argues that the reopening provisions at issue authorize only reopenings initiated by a claimant. We reject this argument. We adopt the view

that the regulations also permit the Appeals Council to initiate reopening. *See, e.g., Cieutat v. Bowen*, 824 F.2d 348, 357 (5th Cir.1987); *Zimmerman v. Heckler*, 774 F.2d 615, 617 (4th Cir.1985); *Higginbotham v. Heckler*, 767 F.2d 408, 410 (8th Cir.1985); *Munsinger v. Schweiker*, 709 F.2d 1212, 1215 (8th Cir.1983). *But see McCuin v. Secretary of Health & Human Servs.*, 817 F.2d 161, 175 (1st Cir. 1987) (which holds only claimant may reopen); *Butterworth v. Bowen*, 796 F.2d 1379, 1385–88 (11th Cir.1986) (which holds reopening by the Secretary is permissible only by a component of the Social Security Administration with jurisdiction over the claim at the time of the reopening).

Section 404.987 does not expressly preclude reopening initiated by the Appeals Council, nor do the regulations contain language that inescapably leads to that conclusion. Although section 404.987 as amended in 1981 is silent on the question of the Appeals Council's authority to reopen a decision *sua sponte*, the prior regulation, 20 C.F.R. § 404.957, did not refer specifically to claimants as does the present regulation, and the explanatory comments to the amended regulations indicate that no substantial changes were intended. 45 Fed.Reg. 52078 (1980). The language in the section directed to "you" was adopted in the 1980 recodification in an effort to make the regulations clearer and easier for public use. *Butterworth*, 796 F.2d at 1385, *See* 45 Fed.Reg. 52078 (1980). In fact, section 404.988 contains several conditions upon which a determination may be reopened which one would expect the Secretary, not the claimant, to raise. *See, e.g.,* 20 C.F.R. § 404.988(c)(1) (fraud or other fault). Finally, we note that the Secretary has proposed to revise his regulations to make it clear that the Social Security Administration may reopen a final decision on its own initiative. *See* 52 Fed.Reg. 14270. For these reasons, we hold that the Secretary's interpretation of the regulations which permitted the Appeals Council to reopen this case is consistent with the express wording of the regulation.

Furthermore, claimant was not otherwise deprived of fair notice of the agency's in-

tentions to initiate reopening. The notice of favorable decision transmitted to Fox stated that pursuant to the regulations, the decision could be reopened after the sixty-day period if a clerical error in the amount of the benefits had been made, if an error was discovered on the face of the evidence on which the decision was based, or on the basis of new and material evidence. The letter continued: "If the Appeals Council decides to review the enclosed decision on its own motion or to reopen and revise it you will be notified accordingly." Additionally, the Secretary's letter dated January 28, 1983 advised claimant of the Secretary's decision to reopen the case on its own motion and the reason for the reopening. Appellant was afforded an opportunity to submit additional evidence and pertinent legal argument in connection with the reopening. For these reasons, the Secretary's interpretation of the regulations which permitted the Appeals Council to reopen this case does not otherwise deprive Fox of fair notice of the agency's intentions.

**B.**

Fox next argues that even if the reopening provisions authorize the Appeals Council to reopen a case under certain circumstances, the regulations do not authorize reopening in her case. Specifically, claimant argues that legal error may not constitute "good cause" for reopening. We reject claimant's argument. We adopt the Eighth Circuit's position that legal error may constitute good cause for reopening if the evidence that was considered in making the determination clearly shows on its face that an error was made. *See Higginbotham*, 767 F.2d at 410; *Munsinger*, 709 F.2d at 1216.

The regulations do not expressly preclude reopening to revise a determination based upon the application of an incorrect legal standard or the misinterpretation of law existing at the time of the determination. The regulations merely prohibit reopening when a change of legal interpretation or administrative ruling upon which the initial determination was based constitutes the sole basis for reopening. Reopening to change a legal interpretation is pre-

cluded because when a question of legal interpretation is involved the evidence considered in making the determination does not show clearly on its face that an error was made. In contrast, when the application of an incorrect legal standard or the misinterpretation of law existing at the time of the determination is involved the evidence clearly shows on its face that an error was made. Furthermore, the Secretary's Programs Operation Manual permits reopening to revise a determination based upon clear legal error. In fact, an example found in the Secretary's manual contemplates reopening for good cause in the event that the ALJ applies an incorrect legal standard or misinterprets law existing at the time of the determination. Programs Operation Manual GN. 04010.080. This practice permits the Secretary to maintain accuracy in its determinations. We find the Secretary's interpretation is consistent with the regulations.

In the instant case, the evidence that was considered in making claimant's disability determination clearly shows on its face that claimant did not have fully-insured status as required by the Act. Therefore, the Appeals Council properly reopened the ALJ's decision.

For the foregoing reasons, we REVERSE the district court's judgment.