Robert OVEREND, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary * of Health and Human Services, Defendant–Appellee.

No. 88–6363.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 1, 1989.

Decided July 13, 1989.

---

* Louis W. Sullivan, M.D. is substituted for his predecessor, Otis R. Bowen, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

Bertram L. Potter, Potter & Cohen, Pasadena, Cal., for plaintiff-appellant.

Dennis J. Mulshine, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before POOLE, BEEZER and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

This appeal from the district court's grant of summary judgment in favor of the Secretary concerns the power of the Secretary to reopen an ALJ determination more than sixty days after that determination has become final. The district court held that such power exists. We affirm.

On February 27, 1982, Robert Overend was awarded disability benefits. On June 30, 1984, the Secretary ordered an offset of Overend's benefits due to his receipt of worker compensation benefits. On August 16, 1985, an administrative law judge (ALJ) found that the offset was improper. On November 29, 1985, more than sixty days after the ALJ decision, the Appeals Council notified Overend that the ALJ decision would be reopened. The Appeals Council overturned the ALJ's decision and found that the offset was required. Overend filed suit in district court, contending that the Secretary's regulations precluded the Appeals Council from reopening the ALJ's decision. Overend alternatively argued that the Secretary erred in offsetting his disability benefits. The Secretary moved for summary judgment. The district court granted the motion, upheld the Secretary's reopening of the August 16, 1985 ALJ determination, and found that the offset was proper. This timely appeal followed.

We review de novo the district court's grant of summary judgment. *Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir.1985). The Secretary's decision offsetting Overend's benefits must be affirmed unless based upon legal error or unsupported by substantial evidence. *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir.1985).

■ The central issue on appeal concerns the interpretation of Social Security regulations governing the procedures for reopening final ALJ determinations.[1] All

---

1. 20 C.F.R. § 404.969 (emphasis added) provides:

**Appeals Council Initiates Review**

Anytime *within 60 days* after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

of the courts that have grappled with the confusing structure of the reopening provisions admit that there is no wholly satisfactory reading of the regulations. *See, e.g., McCuin v. Secretary of Health and Human Services,* 817 F.2d 161, 171 (1st Cir. 1987) ("there is *no* reading which would not stretch the language of the regulations to a considerable extent.") (emphasis in original). Overend argues that these regulations only authorize reopenings initiated by a claimant.

The majority of our sister circuits have rejected this argument and have held that the above regulations allow the Appeals Council to reopen an ALJ's final decision after the running of the sixty-day period set forth in § 404.969. *Descheenie on behalf of Descheenie v. Bowen,* 850 F.2d 624, 628 n. 9 (10th Cir.1988); *Fox v. Bowen,* 835 F.2d 1159, 1162–63 (6th Cir.1987); *Cieutat v. Bowen,* 824 F.2d 348, 357 (5th Cir.1987); *Zimmerman v. Heckler,* 774 F.2d 615, 617 (4th Cir.1985); *Munsinger v. Heckler,* 709 F.2d 1212, 1215 (8th Cir.1983). In light of § 404.988's enumeration of grounds for reopening which only the Secretary would assert (e.g., fraud), the courts held that the regulations permitted the Secretary to reopen regardless of the fact that § 404.987's

use of the word "you" refers only to the claimant and not to the Social Security Administration. *See* 20 C.F.R. § 404.901 (defining "you" as the claimant). The courts further noted that an earlier version of the regulations explicitly allowed the Secretary to reopen and that the change in wording was intended to simplify the regulations and no substantive change was intended. *See, e.g., Fox,* 835 F.2d at 1163.

In light of the deference accorded the Secretary's interpretation of the regulations, *Schweiker v. Gray Panthers,* 453 U.S. 34, 43–44, 101 S.Ct. 2633, 2639–40, 69 L.Ed.2d 460 (1981), we agree with the majority construction of the regulations and hold that 20 C.F.R. §§ 404.987–404.989 permit the claimant and the Secretary to reopen a final ALJ decision.[2]

■ Overend lastly contends that the Secretary erred in determining that his disability benefits must be offset due to an inadequate wage base to support his receipt of the combined worker compensation and disability benefits. We disagree.

This issue concerns Overend's total income in 1978, the wage-base year used to

§ 404.987 (emphasis added) **Reopening and revising determinations and decisions.**

(a) General. Generally, if *you* are dissatisfied with a determination or decision made in the administrative review process, but do not request review within the stated time period, you lose your right to further review. However, a determination or a decision made in your case may be reopened and revised. After we reopen your case, we may revise the earlier determination or decision.

(b) Procedure for reopening and revision. You may ask that a determination or a decision to which you were a party be revised. The conditions under which we will reopen a previous determination or decision are explained in § 404.988.

§ 404.988 **Conditions for reopening.**

A determination, revised determination, decision, or revised decision may be reopened—
(a) Within 12 months of the date of the initial determination, for any reason;

(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; or ... [404.988 goes on to enumerate grounds for reopening which only the Secretary would use to reopen, e.g., fraud].

§ 404.989 **Good cause for reopening.**
(a) We will find that there is good cause to reopen a determination or decision if—
(3) The evidence that was considered in making the determination or decision shows on its face that an error was made.

2. We are aware of and decline to follow the minority construction of the regulations. *See McCuin,* 817 F.2d at 174–75 (holding, on due process grounds, that Appeals Council is restricted to sixty-day reopening provision of 20 C.F.R. § 404.969); *Butterworth v. Bowen,* 796 F.2d 1379, 1385–88 (1986) (hybrid interpretation allowing government reopening only by the "component" of the Social Security administration possessing jurisdiction at the time of the reopening).

calculate his benefits. The ALJ erroneously increased the 1978 wage base by finding that wages paid to Overend in 1980 were actually 1978 wages. Overend's 1980 wages are conclusively deemed to have been 1980 wages and should not have been credited to Overend's 1978 wage base. 42 U.S.C. § 405(c)(4)(A); 20 C.F.R. §§ 404.802; 404.803(c)(1); 404.1001(a)(1); 404.1042(a). The ALJ's legal error in incorrectly attributing 1980 wages to Overend's 1978 wage base was an error clear on the face of the documents in the record and constituted "good cause" for reopening under §§ 404.-988(b) and 404.989(a)(3). *Fox*, 835 F.2d at 1163. The Secretary's decision to offset Overend's disability benefits, due to a 1978 wage base inadequate to support the combined social security and worker compensation benefits[3], was supported by substantial evidence and was otherwise in accordance with applicable law.

The district court's grant of summary judgment in favor of the Secretary is accordingly

AFFIRMED.

---

**3.** 42 U.S.C. § 424a(a) limits total benefits to 80% of average current earnings. Average current earnings are computed by using a claimant's wage record. *Id.,* subsection (8).