**Maria GUTIERREZ and Ramon Gutierrez, Plaintiffs–Appellants,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

**No. 34, Docket 89–6051.**

United States Court of Appeals, Second Circuit.

Argued Oct. 18, 1989.

Decided March 7, 1990.

Marc Finkelstein, New York City (BLS Legal Services Corp.—Senior Citizen Law Office) on the brief, Jorge Luis Vitureira, Law Student Intern, for plaintiffs-appellants.

Kathleen A. Zebrowski, Sp. Asst. U.S. Atty. for the S.D.N.Y. (Nancy Kilson, Asst. U.S. Atty., Annette H. Blum, Chief Counsel, Region II, Arthur Swerdloff, Asst. Regional Counsel, U.S. Dept. of Health and Human Services, of counsel) for defendant-appellee.

\* Judge Altimari replaced Judge Winter who recused himself just prior to oral argument.

\*\* Honorable Morris E. Lasker, United States District Judge for the Southern District of New York, sitting by designation.

Before MESKILL and ALTIMARI\*, Circuit Judges, and LASKER\*\*, District Judge.

LASKER, District Judge.

The Gutierrezes are an elderly couple who, based on their age and limited resources, in 1985 received $24 per month in Supplemental Security Income ("SSI") benefits. On December 18, 1985 the Social Security Administration ("SSA") notified the Gutierrezes that their SSI payments would be terminated in February 1986 because a computer check had revealed a previously undisclosed bank account ("the money market account" or "the account") in Maria Gutierrez's name with assets of $11,362.74, well in excess of the resources ceiling for SSI eligibility.[1] Maria Gutierrez promptly closed this account.

The Gutierrezes requested reconsideration, asserting that the money in the account belonged to Maria Gutierrez's sister, Maria Hernandez Mallol, a resident of the Dominican Republic, but the original determination was affirmed. On April 1, 1986, at the request of the Gutierrezes, an Administrative Law Judge ("A.L.J.") conducted a hearing. Maria Gutierrez testified that the assets in the account belonged to Mallol, who wanted to keep her money in the United States because she thought it would be safer here than in the Dominican Republic and could not open an account in her own name because she lacked a green card and social security number. Maria Gutierrez testified that she never used any of the funds in the account for herself and that the money was not hers. The A.L.J. issued an opinion in favor of the Gutierrezes on April 25, 1986. In his decision, the A.L.J. concluded that:

> [T]he funds in the money market account belonged to the claimant's sister, Maria Hernandez Mallol, who resides in the Do-

1. 42 U.S.C. § 1382(a)(1)(B) provides that a person is eligible for SSI benefits if he or she is aged, blind or disabled and, together with his or her spouse, had resources not exceeding $2,250.00 prior to Jan. 1, 1985 and not more than $2,400.00 in 1985.

minican Republic. The claimant did not withdraw funds for her own use. When the account was closed, all funds were returned to the claimant's sister. Therefore, these funds were not resources to the claimant at any time from December 1982 through November 1985. The claimant and her spouse remained entitled to Supplemental Security Income because they did not exceed resource limitation during the period in question.

The SSA Regional Commissioner then requested that the Appeals Council reopen the decision, asserting that Maria Gutierrez had sole access to the account, had concealed its existence, and had closed it after she was notified of the termination of benefits. By letter dated July 28, 1986, the SSA notified the Gutierrezes that it was reopening the case pursuant to 20 C.F.R. § 416.1489 (1989) because it concluded that "the evidence which the Administrative Law Judge considered clearly shows on its face that an error was made in his decision." The Appeals Council then reversed the A.L.J. and issued a final decision reinstating the original determination that the Gutierrezes were ineligible for SSI benefits for 24 months following the transfer of the funds from the account to Maria Gutierrez's sister.[2]

Appellants brought suit in the District Court seeking review of the Appeals Council's decision. The District Court affirmed, holding that substantial evidence supported the Appeals Council's decision. 702 F.Supp. 1050 (S.D.N.Y.1989).

## WHETHER THERE WAS GOOD CAUSE TO REOPEN

The Appeals Council reopened the A.L.J.'s decision in this case pursuant to 20 C.F.R. § 416.1488, which provides that an A.L.J.'s decision may be reopened within one year for any reason and within two years for good cause, as defined in § 416.1489. Specifically, the Appeals Council reopened the case pursuant to § 416.1489(3), which specifies that good cause exists if: "The evidence that was considered in making the determination or decision clearly shows on its face that an error was made." In a letter to Maria Gutierrez, the Council stated its basis for such a determination:

> Regardless of whether funds in the money market account were yours, you alone had legal access to the account. Therefore, in the absence of persuasive legal argument or evidence to the contrary, the Appeals Council proposes to find that you had resources in excess of the allowable limit, that you transferred those resources at less than fair market value to establish continuing eligibility for supplemental security income and that, accordingly, the resources continue to be countable for 24 months after disposition.

The Gutierrezes argue that the Secretary of Health and Human Services ("the Secretary") violated his own regulations in reopening the case because under §§ 416.1487–89 only the claimant, not the Appeals Council, may seek to reopen a case and the Secretary's contrary interpretation is inconsistent with the regulatory scheme. The District Court held that the applicable regulations permitted the Appeals Council to reopen *sua sponte*.

In *McCuin v. Secretary of Health and Human Services*, 817 F.2d 161, 174 (1st Cir.1987), the court held that with respect to the nearly identical sets of regulations governing Social Security benefits cases only a claimant, not the Secretary, may

---

**2.** 42 U.S.C. § 1382b(c)(1) states in relevant part: In determining the resources of an individual ... there shall be included ... any resource (or interest therein) owned by such individual or eligible spouse within the preceding 24 months if such individual or eligible spouse gave away or sold such resource or interest at less than fair market value ... for the purpose of establishing eligibility for benefits or assistance under this chapter.

The ruling that the Gutierrezes would be ineligible for benefits for 24 months resulted from a finding that Gutierrez had transferred the funds in the account by gift and had failed to produce "convincing evidence" to rebut the statutory presumption, 42 U.S.C. § 1382b(c)(2), that such a transaction was made for the purpose of establishing eligibility for SSI benefits.

reopen a case.[3] Although we find the reasoning of *McCuin* persuasive, we need not decide the similar issue presented in this case. Rather, assuming, without deciding, that the regulations do authorize the Secretary to reopen the case *sua sponte*, we examine whether there were sufficient grounds for reopening under the applicable regulations.

The Gutierrezes argue that, even assuming the Appeals Council had the authority to reopen and reverse the A.L.J.'s decision, there was no "good cause" for doing so pursuant to 20 C.F.R. § 416.1489. Section 416.1489(a)(3) defines "good cause" for reopening as existing if: "The evidence that was considered in making the determination or decision clearly shows on its face that an error was made." The Gutierrezes assert that the actual basis for the reopening was either a new legal interpretation or an assertion by the Appeals Council that the A.L.J. made a legal error, either of which falls within the scope of 20 C.F.R. § 416.1489(b) which states: "We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made." The government argues that, to the contrary, the A.L.J. failed to consider evidence that "clearly shows on its face that an error was made," 20 C.F.R. § 416.1489(a)(3), and thus the Appeals Council was fully justified in reopening the case.

As indicated above, the Appeals Council's notification to the Gutierrezes that it was reopening the A.L.J.'s favorable decision stated:

> Regardless of whether funds in the money market account were yours, you alone had legal access to the account. Therefore, in the absence of persuasive legal argument or evidence to the contrary, the Appeals Council proposes to find that you had resources in excess of the allowable limit. . . .

In its decision reversing the A.L.J., the Appeals Council indicated that it was not reversing a legal interpretation by the A.L.J. Rather, the Appeals Council concluded that the A.L.J. had cited but not considered 20 C.F.R. § 416.1201(a)(1) which states:

> If the individual has the right, authority or power to liquidate the property or his or her share of the property, it is considered a resource. If a property right cannot be liquidated, the property will not be considered a resource of the individual (or spouse).

Because Maria Gutierrez had sole legal ownership of the relevant account, the Appeals Council concluded that the A.L.J. should have found that she, and not her sister, owned the assets in the account. The Appeals Council stated:

---

3. The regulations at issue in *McCuin* (20 C.F.R. §§ 404.987–89) differ from the regulations at issue in this case (20 C.F.R. §§ 416.1487–89) only in that the period for reopening for good cause is four years in the former, as opposed to two in the latter. The *McCuin* court reviewed four distinct interpretations of who may reopen a case within two years of an A.L.J.'s decision pursuant to § 404.987: 1) Only a claimant may reopen; 2) the Appeals Council may reopen sua sponte; 3) Only the A.L.J. may reopen after 60 days; 4) The Appeals Council may reopen only for errors of fact, not law. The court, noting that "there is *no* reading [of the regulations] which would not stretch the language of the regulations to a considerable extent," 817 F.2d at 171, concluded that only claimants could reopen pursuant to § 404.987. The court noted that:

> the Social Security Act, under whose authority the regulations were promulgated, is a remedial statute, to be broadly construed and

liberally applied in favor of beneficiaries. *See, e.g., Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2d Cir.1975). We find that it would frustrate congressional objectives in passing such a statute if the ambiguity in the regulations were to be resolved in favor of putting claimants in a state of limbo for at least four years, uncertain of the final outcome of their cases.

817 F.2d at 174. *See, Chrupcala v. Heckler,* 829 F.2d 1269, 1273 (3d Cir.1987) (following *McCuin* by holding that once 60–day period during which Appeals Council may choose to review an A.L.J. decision has passed, § 404.969 bars Appeals Council from raising issues not appealed by claimant); *see also DeLong v. Heckler,* 771 F.2d 266, 268 (7th Cir.1985) (Posner, J.) (suggesting in dictum that "[t]he word 'However' in [§ 404.987] is particularly suggestive that reopening is intended to be for the benefit of the disappointed applicant only").

Although this regulation [§ 416.1201(a)] may be subject to interpretation with respect to jointly owned resources (the total of which another party has access to) the Appeals Council is of the opinion that this regulation is not subject to interpretation with respect to individually owned resources. The evidence indicates that Mrs. Gutierrez was the sole owner of account number 0050561810.

■ This statement, together with the statement of the Appeals Council in its notice of reopening, clearly indicates that, despite its disclaimers, the Appeals Council reopened the case, at least in part, because it believed that the A.L.J.'s ruling was a legally incorrect interpretation of § 416.1201(a). The A.L.J. had referred to § 416.1201(a) but concluded that, based on Maria Gutierrez's testimony, the assets in the money market account were not her countable resources. The Appeals Council clearly believed that because Maria Gutierrez was the only name on the account she had the "right, authority or power to liquidate the property" and thus the funds in the account must be considered her resource under 20 C.F.R. § 1201(a)(1).[4] Accordingly, if the Appeals Council's legal disagreement with the A.L.J.'s ruling was the sole reason for reopening, the case should not have been reopened. 20 C.F.R. § 416.1489(b). We agree with the District Court that if the Appeals Council had also properly reopened the case on the ground that "[t]he evidence that was considered [by the A.L.J.] in making the determination or decision clearly shows on its face that an error was made," the decision to reopen would be valid under § 416.1489(a)(3). Accordingly, we must consider the nature of the evidentiary review conducted by the Appeals Council.

The Appeals Council grounded its reversal of the A.L.J. on evidence that it claimed the A.L.J. failed to consider and which challenged Maria Gutierrez's credibility. First, the Council pointed to evidence that the money market account was opened with a $5,000 transfer from the Gutierrezes' trust account for their daughter, Elba, casting doubt on Maria Gutierrez's testimony that the account was opened with funds given to her by her sister. Second, the Council cited bank records that showed that Maria Gutierrez opened another account in trust for her daughter with a deposit of $1400 on the same day that she withdrew all funds from the money market account, suggesting that she had not transferred all of the funds back to Mallol, as she had testified. Finally, the Council stated that the A.L.J. had failed to consider that although the Gutierrezes had twice indicated that their names did not appear on any individual or joint bank accounts, the money market account was in the name of Maria Gutierrez. From this, the Council concluded that "the evidence of record shows on its face that an error was made in the Administrative Law Judge's decision and, therefore, the decision was subject to reopening."

■ Even assuming that the A.L.J. did fail to consider the evidence cited by the Appeals Council, none of the evidence "shows on its face that an error was made." Rather, the cited evidence provides a basis upon which to challenge the credibility determinations of the A.L.J. The Appeals Council clearly disagreed with the A.L.J.'s conclusion that Maria Gutierrez's testimony was credible, but none of the cited evidence alone or taken together,

---

**4.** See *Gordon v. Secretary of Health and Human Services*, 803 F.2d 1071, 1073 (9th Cir.1986), *cert. denied*, 484 U.S. 833, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987). Contrary to the Appeals Council's interpretation in this case, the Third Circuit Court of Appeals and the Appeals Council itself have each found that the name on a bank account is not dispositive of the question of who owns the assets in the account. *Cannuni v. Schweiker*, 740 F.2d 260, 264 (3d Cir.1984); *In re Zayra Cherney* (Appeals Council June 15, 1988) (holding, based on uncontroverted and corroborated testimony of claimant, that assets in a bank account in the name of claimant Cherney were not her resources under § 416.1201 because they were not used for her income and support) (copy of opinion appended to Appellant's Memorandum Of Law In Support Of Plaintiffs' Motion For Judgment On The Pleadings (July 27, 1988) (submitted to the District Court). Like the claimant in *Cherney*, Maria Gutierrez's testimony that the money did not belong to her is uncontroverted and is corroborated by a letter in the record from Mallol, acknowledging receipt of Mallol's funds following the closing of the money market account.

"clearly shows on its face" that the A.L.J.'s finding was in error.

Moreover, the A.L.J. stated in his decision that he "has carefully considered all the documents identified in the record as exhibits," and he specifically noted that the Gutierrezes had stated on their SSI application that they had no other bank accounts in their name, even though, as the A.L.J. was aware, the money market account was in the name of Maria Gutierrez.[5] Thus, the A.L.J. presumably took this discrepancy into consideration in evaluating Maria Gutierrez's credibility. As to the information on the signature cards regarding transactions in the money market account, the Appeals Council conceded that the A.L.J. referred to such evidence; the A.L.J. simply did not include these documents in the record. However, the A.L.J. seems to have considered this evidence since it was before him and he referred to these documents.

Finally, the Gutierrezes had no documents with which to prove that the sister owned the assets in the account. In this situation, the A.L.J. was justified in relying on the testimony of Maria Gutierrez and the corroborating affidavits of her sister and a friend in concluding that the resources were not owned by Maria Gutierrez. In sum, none of the documentary evidence which the Appeals Council found persuasive shows "on its face that an error was made," and accordingly, the Appeals Council had no right to reopen this case pursuant to § 416.1489(a)(3).[6]

Reversed.

---

5. On this point it is relevant to note that Maria Gutierrez has an eighth grade education and does not speak, read or write English.

6. Because we reverse the determination of the Appeals Council we need not reach the remaining issues of whether substantial evidence supports the decision, whether the notice to appellants regarding reopening was constitutionally inadequate and whether the Secretary's reversal of the A.L.J.'s decision violated appellants' substantive due process rights by not according it the finality required by the doctrine of *res judicata.*