**Theodore KOOLSTRA, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 89–K–480.**

United States District Court,
D. Colorado.

Aug. 27, 1990.

See also 128 F.R.D. 672.

Jacquelyn J. Higinbotham, Colorado Rural Legal Services, Inc., Greeley, Colo., for plaintiff.

Stephen D. Taylor, Asst. U.S. Atty., Michael J. Nortan, U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This case concerns the Secretary's authority to reopen a determination for good cause under the Social Security regulations. Theodore Koolstra commenced this action challenging the Secretary's decision to reopen a determination by the administrative law judge (ALJ) in his Social Security case. The Secretary moved to dismiss the complaint, arguing there was no subject matter jurisdiction because Koolstra had not obtained a final judgment. On August 23, 1989, I denied the motion to dismiss, ruling that there was jurisdiction under the mandamus statute, 28 U.S.C. § 1361. The parties have submitted a stipulation of facts and agree that this matter should be determined on cross-motions for summary judgment. I now grant summary judgment in favor of Koolstra.

### I. *Facts.*

The stipulated facts reveal that Koolstra first applied for Supplemental Security Income (SSI) benefits on September 17, 1984. His claim was denied administratively. Koolstra then challenged the denial of benefits in federal district court. On January 15, 1987, the court reversed the Secretary's determination that Koolstra was not disabled by polycystic kidney disease and remanded the case to the Secretary for a determination of benefits. On remand, the Secretary found initially that Koolstra's income exceeded the eligibility limits for SSI benefits because he received in-kind sup-

port from family members. Koolstra requested further review before an ALJ. The ALJ concluded that under Social Security regulations and a recent court decision, *Hickman v. Bowen*, 803 F.2d 1377 (5th Cir.1986), in-kind assistance from family members could be considered a loan and therefore excluded from income under the regulations. The ALJ's decision was entered on July 26, 1988.

On October 18, 1988, the Regional Commissioner sent a letter to the Office of Appeals Operations recommending that the Appeals Council reopen the case because the regulations required that in-kind support be considered income. The letter further advised that reopening, rather than review, was necessary "because the 60–day own motion review period has elapsed due to our request for an opinion from the Office of Chief Counsel (CC), Region VIII." Stipulation of Facts, Exhibit B at 1. On February 6, 1989, the Appeals Council followed the Regional Commissioner's recommendation and reopened the ALJ's decision under 20 C.F.R. §§ 416.1488 and 416.1489, on the grounds that the decision was erroneous on its face. The Appeals Council held that, under Acquiescence Ruling 88–7(5), the *Hickman* ruling was only to be applied to cases within the Fifth Circuit. In cases in other jurisdictions,

> [t]he Social Security Administration does not consider receipt of in-kind support and maintenance as a loan, meeting the definition of what is not income, under 20 C.F.R. 416.1103(f). This section of the

regulations provides that money an individual borrows is not income. It does not contemplate a loan of food or shelter. Social Security Ruling 78–26 further clarifies the Administration's position with regard to loans in supplemental security income cases (SSR 78–26, C.B.1978, p. 81).

*Id.*, Exhibit C. at 2.

■ It is undisputed that Koolstra received no notice that the ALJ's decision was under reconsideration, and he was given no opportunity to file a brief or present oral argument on the issues the Appeals Council considered. However, because Koolstra had waived his right to an oral hearing before the ALJ on the condition that the ALJ's decision would be favorable, the Appeals Council remanded the case to the ALJ for further proceedings to consider "whether in-kind support and maintenance the claimant received(s) from his father and father-in-law, the value of which is presumably to be repaid, constitutes a loan and, therefore, is not income for the purpose of computing the amount of supplemental security income for which he is eligible." *Id.* Koolstra then commenced this action, seeking a determination that the Appeals Council's procedure in reopening his case violated his Constitutional right to due process and requesting, among other remedies, mandamus relief.[1]

## II. *Appeals Council Reopening.*

■ Social Security regulations govern

---

**1.** Although I denied the Secretary's motion to dismiss this case for lack of subject matter jurisdiction on August 23, 1989, the Secretary reargues the jurisdictional issue in his brief in support of the motion for summary judgment. My ruling stands.

Under *Califano v. Saunders*, 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977), absent a constitutional claim, the district court lacks jurisdiction to review the Secretary's refusal to reopen a case. *See also Dvareckas v. Secretary of Health & Human Servs.*, 804 F.2d 770, 771 (1st Cir.1986). However, when an applicant challenges the Secretary's decision to reopen a case on its own initiative, the concerns articulated by the Supreme Court in *Sanders* do not come into play. *Slone v. Secretary of Health & Human Services*, 825 F.2d 1081, 1084 (6th Cir. 1987).

Mandamus jurisdiction is proper to " 'confine an inferior court to a lawful exercise of its jurisdiction.' " *Kerr v. United States*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). To be entitled to mandamus relief, the plaintiff must show that a public official has a plain duty to perform certain acts, that the plaintiff has a right to have those rights performed, and that there is no other adequate remedy at law. *See Heckler v. Ringer*, 466 U.S. 602, 616–17, 104 S.Ct. 2013, 2022–23, 80 L.Ed.2d 622 (1984); *Sebben v. Brock (In re Sebben)*, 815 F.2d 475, 478 (8th Cir.1987); *Ganem v. Heckler*, 746 F.2d 844, 852 (D.C.Cir.1984); *Ryan v. Shea*, 525 F.2d 268, 271–72 (10th Cir.1975); *Silvis v. Heckler*, 578 F.Supp. 1401, 1402–03 (W.D.Pa. 1984). These requirements are met here.

the reopening[2] of cases by the Appeals Council. Under 20 C.F.R. § 416.1487 (1989), an SSI applicant may request the Appeals Council to reopen an adverse ruling by the ALJ. Although some courts have disagreed, see, e.g., McCuin v. Secretary of Health & Human Servs., 817 F.2d 161, 171 (1st Cir.1987),[3] the Tenth Circuit has held that the Appeals Council may also sua sponte reopen a case decided in favor of the applicant. See Descheenie ex rel. Descheenie v. Bowen, 850 F.2d 624, 628 n. 9 (10th Cir.1988).

■ SSI regulations describe the conditions under which a decision will be reopened:

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; or

(c) At any time if it was obtained by fraud or similar fault.

20 C.F.R. § 416.1488 (1989). "Good cause" exists when new or material evidence is furnished to the Appeals Council, when there has been a clerical error, or when "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." Id. § 416.1489(a). Good cause is not established when the sole reason for reopening

is "a change of legal interpretation or administrative ruling upon which the determination or decision was made." Id. § 416.1489(b).

■ Koolstra's central argument is that the Secretary violated its own regulations because there was no good cause to reopen his case.[4] He asserts that the Appeals Council cannot reopen a case simply because it disagrees with a legal interpretation by the ALJ which follows established authority. The Secretary contends, however, that the Appeals Council has authority to reopen a decision by the ALJ to correct legal error, relying on Sheppard v. Sullivan, 906 F.2d 756 (D.C.Cir.1990), Overend v. Sullivan, 879 F.2d 673 (9th Cir. 1989), and Fox v. Bowen, 835 F.2d 1159 (6th Cir.1987).

In Sheppard, the court upheld the Appeals Council's jurisdiction to reopen sua sponte the ALJ's decision under 20 C.F.R. § 404.988. Addressing Sheppard's argument that the good cause requirement of this regulation provided no real limits on the Secretary's ability to reopen a decision, the court stated:

While we accept the SSA view that [reopening for good cause] encompasses clear errors of law, see Fox v. Bowen, 835 F.2d 1159, 1163–64 (6th Cir.1987), we do not read it as all-encompassing. Section 404.989(b), for instance, explicitly precludes reopening on the ground of an intervening change in legal interpretation. And while "clear" is itself one of the least clear terms in the language

2. Reopening of a determination must be distinguished from review. Under the regulations, review may be initiated by either the applicant or the Appeals Council, and it must occur within 60 days of the hearing date or the ALJ's dismissal of a hearing request, unless an extension has been granted. 20 C.F.R. § 416.1468, .1469 (1989). The bases for granting review are broader than those for reopening and include circumstances in which the ALJ has abused his discretion, has made a legal error, where his determination is not supported by substantial evidence or where "[t]here is a broad policy or procedural issue that may affect the general public interest. Id. § 416.1470(a).

3. McCuin was decided under the reopening regulations applicable to federal old-age, survivors

and disability benefits, see 20 C.F.R. §§ 404.987–996 (1989), which are analogous to the reopening provisions with respect to SSI benefits, except that reopening for good cause may occur within four years of the initial determination, rather than two. See Gutierrez v. Bowen, 898 F.2d 307, 310 n. 3 (2d Cir.1990). Since these regulations are analogous to the SSI regulations governing reopening, I have relied on cases construing them as well.

4. There is no dispute that the case was reopened on the basis of good cause under 20 C.F.R. §§ 416.1488(b) and 416.1489, and not because of the discovery of new evidence or a clerical error.

(perhaps most commonly a flag for the absence of any convincing argument), we take it to work some real limitation. *See George v. Schweiker*, 563 F.Supp. 888, 890 (D.Minn.1982). In practice, it appears that review is routine, reopening rare. *See Cieutat [v. Bowen ]* 824 F.2d [348] at 355 n. 9. [ (5th Cir.1987) ]

*Sheppard*, 906 F.2d at 759. The *Sheppard* court went on to conclude that the Appeals Council ruled correctly that the applicant's disability benefits should be offset by retroactively-paid SSI benefits. Similarly, in *Fox v. Bowen*, 835 F.2d 1159 (6th Cir. 1987), the Sixth Circuit affirmed the Appeals Council's reopening of a case because the evidence before the ALJ did not show that the applicant was fully insured under the Act. The court rejected the applicant's contention that the Appeals Council cannot base reopening on legal error.

The regulations do not expressly preclude reopening to revise a determination based upon the application of an incorrect legal standard or the misinterpretation of law existing at the time of the determination. The regulations merely prohibit reopening when a change of legal interpretation or administrative ruling upon which the initial determination was based constitutes the sole basis for reopening. Reopening to change a legal interpretation is precluded because when a question of legal interpretation is involved the evidence considered in making the determination does not show clearly on its fact that an error was made.

*Fox*, 835 F.2d at 1163–64. Finally, in *Overend v. Sullivan*, 879 F.2d 673 (9th Cir. 1989), the Ninth Circuit affirmed the Appeals Council's reopening of the ALJ's determination for good cause due to the ALJ's legal error in attributing 1980 wages to the applicant's 1978 wage base, without further discussion of the issue.

Contrary to the Secretary's argument, this case is not analogous to *Sheppard, Fox* or *Overend*, where the primary error was the incorrect application of the law to the facts, not the correct interpretation of the law itself. In fact, a review of the record below indicates that the above cases support the conclusion that the Appeals Council was without authority to reopen Koolstra's case. Here, the Appeals Council premised reopening of Koolstra's case on the ALJ's alleged legal error in construing the statutes and regulations governing the definition of income and loans. The Appeals Council specifically relied on Acquiescence Ruling 88–7(5), in which the Secretary advised that the *Hickman v. Bowen* decision would apply only to cases arising in states within the Fifth Circuit—Louisiana, Mississippi and Texas. However, the ruling states that its effective date is November 14, 1988. The ALJ issued his decision on July 26, 1988, *before* Acquiescence Ruling 88–7(5) had taken effect. At the time of the decision, the ALJ's ruling was in accord with the only legal interpretation of the regulations governing in-kind assistance and the definition of income. *See* 42 U.S.C. § 1382a(a)(2)(A); 20 C.F.R. § 416.1130(b). Since Social Security rulings lack the force of law, *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir.1989), until the ALJ was informed of the Secretary's contrary position, the ALJ correctly applied the Fifth Circuit's decision to this case.[5]

*Sheppard* counsels that reopening should be the exception and not the rule, and that there be a "real limitation" on the Secretary's ability to reopen for legal error. *Fox* holds that legal error can establish good cause for reopening, but only if it is *not* based on a change in legal interpretation or administrative ruling. Good cause for reopening cannot be based on the Secretary's retroactive decision not to acquiesce in decisions of the Courts of Appeals. The Appeals Council is limited to the procedures for *sua sponte* review within 60 days under 20 C.F.R. § 416.1469 to correct what it perceives to be an error in legal interpretation. Thus, the Appeal's

---

5. The Regional Commissioner's letter of October 18, 1988, recommending the reopening of the case because the sixty-day period for own-motion review had expired is further evidence of the Secretary's improper motives in reopening this case. The Appeals Council may not use the reopening provisions simply to avoid the 60–day limitation on own-motion review due to its own delay. *See Call v. Heckler*, 647 F.Supp. 560, 564–65 (D.Mont.1986).

Council's decision to reopen the case based on an ex post facto change in the legal interpretation of the applicable regulations was in contravention of the Secretary's own regulations which provide that a decision will not be reopened for good cause "if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made." 20 C.F.R. § 416.1489(b).

### III. *Notice.*

■ In addition to the Appeals Council's failure to abide by the regulatory limits on the scope of its power to reopen, Koolstra received no notice of the Appeals Council's intention to reopen until *after* the revised decision was issued, nor was he permitted to brief or orally argue his case. Koolstra argues that this procedure violated his fifth amendment right to due process.

The regulations governing Appeals Council reopening are no model of clarity. *See Overend v. Sullivan,* 879 F.2d 673, 675 (9th Cir.1989) ("there is no wholly satisfactory reading of the regulations"); *Gerstein v. Bowen,* 680 F.Supp. 1200, 1207 (N.D.Ill. 1988) (expressing "frustration at trying to interpret a set of regulations that lend themselves to no rational reading"). Not only are they unclear as to the Appeals Council's power to reopen on its own initiative, *Overend,* 879 F.2d at 675, the notice and hearing provisions with respect to reopening are confusing as well. Clearly, the regulations require the Secretary to notify the applicant of the revised decision when it is issued and to inform him of his right to further review. 20 C.F.R. § 416.1492(a), (b). The regulations also require the Secretary to notify the applicant of his right to request a hearing when the Secretary proposes to revise a determination that the applicant is blind or disabled based on medical factors or on evidence not included in the record. *Id.* § 416.1492(d), (e). If the proposed revision is based only on evidence included in the record, there is no provision for a hearing before further action is taken. *Id.* § 416.1492(f). In any case, the applicant is entitled to notice in writing of the proposed action *before* the decision is revised. *Id.* §§ 1492(d)–(f).

Here, Koolstra had no notice that the Appeals Council had proposed to reverse the ALJ's determination that he was entitled to benefits until after the decision was issued. One would expect that, given the extremely limited circumstances under which reopening is to occur, the applicant would, at a minimum, be entitled to the same notice as provided for review. As the Secretary has explained in a similar case:

> [T]he review procedures seek to create a means for establishing administrative finality while also providing a basis for routine reviews of decisions within the SSA during the period of appeal before the Secretary's decision becomes subject to judicial review. By contrast, the purpose of the reopening provisions, according to the Secretary, is to afford the SSA a means of administrative reconsideration, in extraordinary circumstances, after an otherwise final determination or decision has been reached at any level of the administrative process.

*Cieutat v. Bowen,* 824 F.2d 348, 355 n. 9 (5th Cir.1987). *Compare* 20 C.F.R. §§ 416.1473, .1475., .1476(c) (notice and hearing procedures for review by Appeals Council).

For example, in *Powell v. Heckler,* 789 F.2d 176 (3d Cir.1986), the court held that under the review regulations, fundamental fairness requires the Secretary to notify an applicant that he is reviewing portions of a decision that the applicant did not appeal. "The courts, to protect due process, must be particularly vigilant and must hold agencies, such as the Social Security Administration, to a strict adherence to both the letter and the spirit of their own rules and regulations." *Id.* at 178. Likewise, fundamental fairness dictates here that Koolstra be at least advised that the Appeals Council is proposing to reverse the ALJ's finding of eligibility before final action is taken.

The Secretary argues, however, that any defect in notice is corrected by the fact that the Appeals Council remanded the case to the ALJ for a hearing. I question what possible purpose a hearing before the ALJ could have when the Appeals Council made clear its position that in-kind support can-

not be considered loans. No further development of the record was necessary and there were no technical corrections to be made. The ALJ had only to implement the decision of the Appeals Council. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (citation omitted). Under these circumstances, Koolstra has been denied any meaningful opportunity to be heard.

Accordingly, I find that the Secretary exceeded his statutory authority to reopen Koolstra's case in order to implement an Acquiescence Ruling not in effect at the time of the ALJ's decision. The Secretary further erred in doing so without providing notice to Koolstra of the reopening. The petition for mandamus is GRANTED and the Secretary is ordered to reinstate the decision of the ALJ awarding benefits to Koolstra.