141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy F. CHIMIENTI, Plaintiff-Appellant,
v.
Kenneth S. APFEL,** Commissioner,
Department of Health and Human Services,
Defendant-Appellee.
 No. 97-35122.
D.C. No. CV-96-00597-TMC.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 6, 1998***.
Decided March 17, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Michael R. Hogan, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leroy Chimienti appeals the district court's order affirming the decision of the Commissioner of Social Security that his Social Security Disability Insurance (SSDI) benefits would be reduced by the use of a calculation which considered the amount of his disability payments under the Longshoremen's and Harbor Worker's Compensation Act (WC) a form of worker's compensation. We affirm.
 
 
 3
 A recipient of SSDI benefits, who is also receiving WC benefits, may only receive a maximum combined benefit equal to 80 percent of his average current earnings (ACE). See 42 U.S.C. § 424a(a); 20 C.F.R. 404.408(c).
 
 
 4
 1. The statute plainly directs that the ACE be calculated based upon Chimienti's wages. See 42 U.S.C. § 424a(a). In addition, wages are defined in a manner that quite clearly eliminates WC benefits. See 42 U.S.C. § 409(a)(2). There is no ambiguity, and where a statute is not ambiguous we need look no further, unless its plain meaning somehow leads to absurd or impracticable consequences. See Oregon Natural Resources Council, Inc. v. Kantor, 99 F.3d 334, 339 (9th Cir.1996); United States v. Neville, 985 F.2d 992, 995 (9th Cir.1993). As we have previously stated, the offset provisions are "extremely broad," Hodge v. Shalala, 27 F.3d 430, 432 (9th Cir.1994), and we have not hesitated to enforce the administrative interpretation of them. See Overend v. Sullivan, 879 F.2d 673, 675-76 (9th Cir.1989). We see no reason to deviate from that approach here. There is nothing absurd or impracticable in following that approach. Were there any doubt on the question, which there truly is not, we would give deference to the agency's construction of the statute and regulations. See Tang v. Reno, 77 F.3d 1194, 1197 (9th Cir.1996); Conlan v. United States Dep't of Labor, 76 F.3d 271, 274 (9th Cir.), cert. denied, --- U.S. ---, 117 S.Ct. 431, 136 L.Ed.2d 330 (1996). In short, it was plainly proper for the Commissioner to exclude WC benefits, which Chimienti was receiving while working, from his wages.
 
 
 5
 2. Chimienti's second attack on the inexorable result of applying the statutes and regulations in accordance with their terms is that they must then be unconstitutional. We disagree. In this, a social welfare area, we must uphold a statute against a Fifth Amendment due process challenge based on equal protection concepts if it is "rationally based and free from invidious discrimination." Dandridge v. Williams, 397 U.S. 471, 487, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970); see also Richardson v. Belcher, 404 U.S. 78, 81, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971); Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960). This statute is rational and is not invidious. The very purpose of the offset provisions is to coordinate WC and SSDI benefits so as to preclude what some would consider a kind of double dipping that would discourage people from returning to work. See Richardson, 404 U.S. at 81-82, 92 S.Ct. at 257-58. Chimienti's suggestions would erode that purpose. Moreover, Chimienti's claim of unfairness to those with disabilities is seriously flawed. He asserts that a person who is already receiving WC benefits must be earning less at his job than a person who is not. We do not think that his conclusion is apodictic. We see no ineluctable rule that a person with a disability of some kind will earn less than a person without one--it all depends. For that matter, not every worker with a disability is receiving WC--again, it all depends. At any rate, the difficulties which inevitably flow from drawing lines do not make legislative classifications irrational, or illegitimate, or unconstitutional. See Richardson 404 U.S. at 84, 92 S.Ct. at 258.
 
 
 6
 AFFIRMED.
 
 
 
 **
 Kenneth S. Apfel is substituted for Shirley S. Chater, Commissioner of Social Security, pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 **
 * The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed.R.App.P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3