Eugene GORDON, Jr.,
Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant-Appellee.

No. 85–1695.

United States Court of Appeals,
Ninth Circuit.

Submitted * March 12, 1986.

Decided Nov. 4, 1986.

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).

Eugene Cordin, Jr., San Francisco, Cal., for plaintiff-appellant.

Gary L. Floerchinger, Asst. Regional Atty., Dept. of Health & Human Serv., San Francisco, Cal., for defendant-appellee.

Before TANG, FERGUSON, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Plaintiff-appellant, Eugene Gordon, Jr., appeals pro se the district court's grant of summary judgment in favor of the Secretary of Health and Human Services. Gordon's appeal is timely. 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand to the district court with instructions to remand to the Secretary for further findings.

## I

In February 1983, the Social Security Administration found that Gordon, a supplemental security income (SSI) recipient, was no longer eligible to receive his benefits. The Administration found that Gordon possessed assets in the form of two bank accounts which exceeded the $1500 resource limit set for SSI recipients.

On February 1, 1983, Gordon's personal bank account at Coast Federal Savings showed a balance of $689.16, an amount below the SSI resource limit. However, Gordon was also the sole signatory on an other bank account at the Bank of San Francisco in the name of "Motion Critique," an unincorporated association of which Gordon was the director and sole member. On February 1, 1983, this account showed a balance of $1003.25. Gordon also submitted evidence that on October 24, 1983, he had filed for the dissolution of Motion Critique and had withdrawn from the Motion Critique account a cashier's check in the amount of $1549.03, the balance of that account, payable to the Foundation for Scientific Cooperation with Vietnam. On December 30, 1983, the administrative law judge determined that Gordon's resources exceeded $1500 as of February 1, 1983 and upheld the Administration's decision that Gordon was no longer eligible for SSI benefits. The administrative law judge's determination was adopted by the Appeals Council on April 4, 1984 and became the Secretary's final decision.

Gordon bought this action in the district court, claiming that Motion Critique was a charitable trust and that because his obligation as trustee prohibited him from making personal use of the association's funds, those amounts were improperly included as a "countable resource" for the purpose of determining SSI disability benefit eligibility. The district court granted summary judgment in favor of the Secretary.

## II

We will uphold the Secretary's finding unless it is not supported by substantial evidence in the record as a whole or the Secretary applied an improper legal standard. *Store v. Heckler*, 761 F.2d 530, 531 (9th Cir.1985). The evidence must be such that a reasonable mind might accept it as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

## III

Gordon claims that the district court erred when it granted summary judgment for the Secretary based upon a finding that as of February 1, 1983 Gordon's resources

exceeded the allowable limit for SSI recipients.

To be eligible for supplemental security income (SSI) benefits, an individual must be aged, blind, or disabled as defined in section 1614(a) of the Social Security Act, 42 U.S.C. § 1382c(a). In addition, he must meet certain income and resource requirements. A single person who has includable resources in excess of $1500 is not eligible for benefits under the SSI program. 42 U.S.C. § 1382(a)(1)(B). Under the regulations, countable resources are cash and assets that an individual can convert to cash to be used for his support. 20 C.F.R. § 416.1201. If a person has the "right, authority or power to liquidate the property," it is a countable resource. *Id.*

There is no evidence that there are any other officers or members of Motion Critique or that anyone but Gordon donated money to the organization. In addition, there is no evidence that anyone could prevent Gordon from withdrawing the money and using it for any purpose. The evidence also shows that on February 1, 1983 Gordon had a personal bank account with a balance of $689.16 at Coast Federal Savings and another account in the name of Motion Critique with a balance of $1003.25 at the Bank of San Francisco.

Gordon claims that any application of the money in the Motion Critique account to meet his personal needs would be in breach of his fiduciary duties to that association. He further asserts that his only relationship to the Motion Critique account was that of a trustee with the duty of furthering the charitable purposes of Motion Critique. For a valid trust to exist there must be "rights, titles, and interests in property distinct from legal ownership." *Seymour v. Freer*, 8 Wall. 202, 213, 75 U.S. 202, 213, 19 L.Ed. 306 (1868). "In such cases, the legal title, in the eye of the law, carries with it, to the holder, absolute dominion; but behind it lie beneficial rights and interests in the same property belonging to another." *Id.*

■ The evidence shows that there was no valid trust affecting the Motion Critique account because there was no separation of legal and equitable title to those funds. Had a valid trust existed with respect to the Motion Critique account, Gordon would have been eligible to receive SSI benefits on February 1, 1983, because his personal resources would have been below the $1500 limit set for SSI benefit recipients. Where, as here, however, the arrangements are revocable at the will of the depositor or where the depositor takes total control over funds, the funds will be considered resources for purposes of determining SSI eligibility. *Cf. Cannuni v. Schweiker*, 740 F.2d 260 (3d Cir.1984). As the director and sole member of Motion Critique, Gordon had the right and power to liquidate its resources as well as to amend its constitution to permit his personal use of the funds. To allow Gordon to shelter funds accessible to him for his support merely by designating himself as trustee would subvert Congress' interest in providing SSI benefits only to persons with limited resources.

■ We uphold the district court's determination that the Secretary could reasonably find that in February 1983, Gordon had unrestricted control over and access to the money such that he had the right, the authority and the power to use the funds for his support and maintenance. However, neither the district court nor the Secretary determined whether Gordon's dissolution of Motion Critique and presentation of the proceeds of the Motion Critique account to the Foundation for Scientific Cooperation with Vietnam in October 1983, operated to divest Gordon of his unrestricted control over and access to those funds.

The regulations provide that SSI benefits will be *suspended* if the recipient is alive but no longer meets the eligibility requirements and no termination provisions apply. *See* 20 C.F.R. § 416.1321(a). SSI payments do not resume until the individual again meets all requirements for eligibility except for the filing of a new application. Upon requesting reinstatement, the recipient is required to submit evidence that he again meets all eligibility requirements except for

the filing of a new application. Payment of benefits is reinstated effective the first month in which eligibility is reestablished. *See* 20 C.F.R. § 416.1321(b).

Gordon's SSI benefits should be considered to have been suspended under 20 C.F.R. § 416.1324(a)(1)(i) because of excess resources, effective February 1, 1983. Under 20 C.F.R. § 416.1335, eligibility for benefits is terminated when twelve calendar months have elapsed after suspension for ineligibility if the beneficiary has not reestablished eligibility for benefits. The record shows that Gordon submitted evidence before the administrative law judge that he no longer owned resources in excess of $1500 in October 1983. Moreover, Gordon requested reinstatement of his SSI benefits in a letter to the Administration dated January 5, 1984. We remand to the district court with instructions to remand to the Secretary for determination of Gordon's SSI eligibility as of October 1983 and for further action not inconsistent with this opinion.

AFFIRMED in part, REVERSED in part and REMANDED.