MEMORANDUM***
1. The BAP did not err in holding that Appellants’ beneficial interest in the trust is part of the bankruptcy estate, even though legal title to the res of the trust is not part of the bankruptcy estate. In a trust, legal and equitable interests are separated and held by two different entities; indeed, such separation is a since qua non of the creation of a trust. Gordon v. Sec’y of Health & Human Servs., 803 F.2d 1071, 1073 (9th Cir.1986).
2. Appellants’ beneficial interest in the trust is not excludable from the bankruptcy estate. The Supreme Court *268 has interpreted 11 U.S.C. § 541(c)(1) and (2) to mean that a debtor may “exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law.” Patterson v. Shumate, 504 U.S. 753, 758, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992).
The anti-alienation provision contained in Appellants’ trust at paragraph 11.1 is not enforceable under any relevant non-bankruptcy law, however, so the beneficial interest is not excludable under § 541(c). California Probate Code § 15304(a) provides: “If the settlor is a beneficiary of a trust created by the settlor and the settlor’s interest is subject to a provision restraining the voluntary or involuntary transfer of the settlor’s interest, the restraint is invalid against transferees or creditors of the settlor. The invalidity of the restraint on transfer does not affect the validity of the trust.” Thus, the “spendthrift” provision in Appellants’ self-settled trust is invalid under state law. There is, additionally, no federal nonbankruptcy law under which the provision is enforceable.
3. The corpus of the trust also is subject to creditors’ claims. Appellants created the trust of which they were the sole beneficiaries, naming their son as the Trustee. At the same time, Appellants retained a general power of appointment to designate and change beneficiaries at will. They also retained the power to terminate the trust. In the circumstances, the property is subject to the claims of Appellants’ creditors. Cal. Prob.Code § 683.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.