NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALENTINA P. FOKINA, | No. 17-35858 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01279-RAJ |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted October 10, 2018
Seattle, Washington

Before:  BLACK,[**] PAEZ, and BEA, Circuit Judges.

Valentina Fokina appeals the district court's order affirming the

determination that Fokina was ineligible to receive Supplemental Security Income

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Susan H. Black, United States Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

1

(SSI) benefits due to her possession of excess resources, over the limit that are allowed SSI benefit recipients. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We affirm.

1. Substantial evidence supports the determination that Fokina's apartment in Belgorod, Russia was worth over $2,000, the statutory resource limit. 20 C.F.R. § 416.202(d). The Administrative Law Judge (ALJ) based this finding on Fokina's August 14, 2012 signed statement, given under penalty of perjury, which said:

> I UNDERSTAND THAT MY RESOURCE LIMIT IS $2,000.00 AND THAT IF MY RESOURCES EXCEED THIS AMOUNT I WILL BE INELIGIBLE.
>
> 8/15/12 MY HUSBAND GAVE ME THE APARTMENT 138 ABOUT 10 YEARS AGO. I BELIEVE IT IS WORTH ABOUT 20,000.00 U.S. DOLLARS. NO ONE IS LIVING THERE. MY BROTHER WATCHES OVER THE APARTMENT.

That statement constitutes substantial evidence. POMS SI 01140.100.G.1 (stating that "the claimant['s] . . . allegation of the property's value" is the primary method of determining value of non-home real property). Fokina's argument that her statement was an "off-the-top" response is belied by the formality of the signed declaration.

Fokina also claims that the ALJ did not consider the costs of preparing the apartment to be sold. But Fokina proffered no evidence to that effect, as to which

2

she bore the burden of producing. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). There was nothing ambiguous about Fokina's plain statement that her apartment was "worth about $20,000," ten times the statutory resource limit.[1]

2. Substantial evidence supports the determination that Fokina's ex-husband did not present a legal barrier to sale. The SSA does not "require an individual to undertake litigation in order to accomplish sale" when there is a "legal bar to sale of property." POMS SI 01120.010.C.2. But unlike the cases cited by Fokina—*Kubetin v. Astrue*, 637 F. Supp. 2d 59 (D. Mass. 2009), and *Winston v. Colvin*, No. 6:13-CV-1662-CL, 2015 WL 1549164 (D. Or. Apr. 7, 2015)—Fokina failed to show that litigation would be required to sell her property. In fact, the contract

---

[1] The dissent manufactures ambiguity by discovering the inventory value of the apartment mentioned in the record. Aside from the fact that there is no evidence that the inventory value bears any relation to market value, this argument is clearly waived. If waiver means anything, it means that we cannot raise claims *sua sponte* and then use them to resolve disputes. The purpose of barring arguments waived is to guarantee that parties "have the opportunity to present whatever legal arguments [they] may have" and ensure that "litigants [are] not surprised on appeal by [the] final decision." *Hormel v. Helvering*, 312 U.S. 552, 556-57 (1941). The parties would surely be surprised if we decided this case on a claim that neither party argued or briefed at any stage of the proceeding.

produced at the hearing stated that Fokina's ex-husband transferred his legal rights to her in July, 1998.

3. Substantial evidence supports the determination that Fokina was not prevented from selling the apartment by circumstances beyond her control. Fokina argues that she would need to be physically present in Russia for the sale. Aside from her own assertions, however, she presented no evidence at the hearing to support that claim. And the ALJ found that she had executed several legal arrangements from the United States: obtaining a divorce decree in 2011, obtaining a copy of her divorce certificate in 2012, and executing permanent resident status in 2013. As before, Fokina's claim runs aground on the lack of contrary evidence in the record.

Even if that finding were in error, substantial evidence supports the ALJ's determination that Fokina could return to Russia to sell the apartment. Fokina claims that past persecution prevents her return. But in addition to finding that Fokina's status as a refugee was related to events in Tajikistan, not Russia, the ALJ also found that Fokina held a Russian passport with no travel restrictions. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.

4

2005) (citation omitted). Based on this evidence, it was not irrational to conclude that Fokina could return to Russia to sell the apartment.

**AFFIRMED.**

*Fokina v. Berryhill*, No. 17-35858

PAEZ, Circuit Judge, dissenting:

I disagree with my colleagues that substantial evidence supports the Administrative Law Judge's ("ALJ") determination that Fokina's apartment in Belgorod, Russia was worth more than the statutory resource limit. I respectfully dissent.

Substantial evidence does not support the determination by the ALJ that the value of the apartment exceeded the resource limit because the evidence is inconsistent. The ALJ relied upon Fokina's statement that the apartment is worth $20,000, but disregarded, without explanation, other evidence about the value of the apartment. The contract transferring the property to Fokina, which the ALJ heavily relied upon to determine property ownership, values the apartment at 21,368 *rubles*—not dollars. The ALJ erred in relying upon the contract to determine ownership but ignoring the valuation in it. *See Gordon v. Sec'y of Health & Human Servs.*, 803 F.2d 1071, 1073 (9th Cir. 1986) (reversing in part a determination of ineligibility based on resources and remanding because neither the district court nor the agency considered certain evidence). The ALJ further

erred by failing to consider the rubles to dollars exchange rate.[1]  *See* POMS SI 01140.100.J.2.

The ALJ had both a heightened duty to develop the record and a responsibility to resolve inconsistent evidence.  The ALJ must develop the record "fully and fairly" in disability benefits cases.  *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).  This includes resolving inconsistencies.  *See Lamear v. Berryhill*, 865 F.3d 1201, 1206 (9th Cir. 2017).  The ALJ bears a heightened duty to develop the record "when the record is inadequate to allow for proper evaluation of the evidence," *Mayes*, 276 F.3d at 459–60, and "where the claimant may be mentally ill and thus unable to protect her own interests," *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  When a claimant is unrepresented, "the ALJ must be especially diligent in exploring for all the relevant facts."  *Id*.  All of the circumstances calling for a heightened duty to develop the record were present here: the record contains conflicting evidence about the value of the apartment; Fokina is mentally ill; and, at the hearing before the ALJ, Fokina was without licensed counsel.  Yet the ALJ did nothing to resolve the inconsistency and did not even ask about the value of the apartment at the hearing.

---

[1] I note that the exchange rate as of September 30, 2018 was 65.7750 Russian rubles to 1 United States dollar.  *Current Rates: Treasury Reporting Rates of Exchange as of September 30, 2018*, DEP'T OF THE TREASURY, BUREAU OF THE FISCAL SERVICE (Nov. 29, 2018), https://www.fiscal.treasury.gov/reports-statements/treasury-reporting-rates-exchange/current.html.

Finally, contrary to the Commissioner's objection, Fokina did not forfeit her argument that the ALJ failed to develop the record. "Once 'an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties.'" *Thompson v. Runnels*, 705 F.3d 1089, 1098 (9th Cir. 2013) (quoting *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991)). Fokina raised the issue of whether substantial evidence supported the ALJ's finding of excess resources. The value of the apartment is inherently part of that issue.

For these reasons, I would reverse the district court and direct the district court to remand this case to the ALJ for further development of the record with respect to the value of the apartment.